**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| TYRONE JULIUS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-911 (EGS) |
| SMITHSONIAN INSTITUTION, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This action is before the Court following removal from the Superior Court of the District of Columbia. The Court will sua sponte dismiss this action for failure to state a claim upon which relief may be granted.

The Court "shall dismiss" an action in which a plaintiff is proceeding in forma pauperis "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A court's sua sponte consideration of dismissal under § 1915(e)(2) is akin to evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief" a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555–56. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Finally, a "pro se complaint is entitled to liberal construction." Washington v. Geren, 675 F. Supp. 2d 26, 32 (D.D.C. 2009) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

Plaintiff, who is and proceeding pro se and in forma pauperis, has filed a complaint that is extremely brief and virtually unintelligible. It reads: "I Tyrone Julius P.O. Box my adress to Smithsonian Institution and staff said a dress that

Tyrone Julius would not get moneys $26.00 drum gouro (what she ben want 801 Alabama Ave S.E. Washington DC 20032." Compl., ECF No. 3-1, p. 14 (errors in punctuation and spelling in original). Even when given the liberal construction afforded to pro se pleadings, Plaintiff's complaint wholly fails to state a claim upon which relief can be granted. Plaintiff is apparently dissatisfied that the Smithsonian will not give him $26 or a "drum gouro," but pleads no cause of action based on that dissatisfaction. Plaintiff thus fails to give Defendant fair notice of what the claim is or the grounds upon which it rests. This action will therefore be dismissed for failure to state a claim upon which relief may be granted. A separate order consistent with this Memorandum Opinion shall issue this date.

**Signed:    EMMET G. SULLIVAN**
            **United States District Judge**
            **May 26, 2011**